UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: _____

YILDA PINEDA,

        Plaintiff,

v.

YAKO MORJAIN, FORTUNA KOPEL and RACHEL KOPEL,

        Defendants.

_____

## COMPLAINT

The Plaintiff, YILDA PINEDA ("Pineda" or "Plaintiff"), by and through the undersigned counsel, sues the Defendants, YAKO MORJAIN, an individual ("Yako"), FORTUNA KOPEL, an individual ("Fortuna"), and RACHEL KOPEL, an individual ("Rachel"), and alleges as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is an action to recover money damages for unpaid minimum wages under the laws of the United States and of the State of Florida. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("FLSA"), and pursuant to the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), which implements Art. X, § 24, Fla. Const., via 28 U.S.C. § 1367, conferring supplemental jurisdiction over all state claims alleged herein.

**VENUE**

2. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of herein occurred within this judicial district and because defendants have their principal place of business within the district, reside within the judicial district, and because Plaintiff's employment records are stored or administered in Miami-Dade County.

**PARTIES**

3. At all times relevant, Plaintiff was and is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4. At all times relevant, Plaintiff was a covered employee for purposes of the FLSA (29 C.F.R. § 552.99) and, subsequently, of the FMWA.

5. Defendants, YAKO MORJAIN, FORTUNA KOPEL and RACHEL KOPEL (collectively the "Defendants") are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Defendants are employers or joint employers for purposes of the FLSA (29 C.F.R. § 552.99) and, subsequently, of the FMWA.

6. The Plaintiff's work for Defendants affects interstate commerce. Defendants employed Plaintiff as a live-in domestic employee, providing general household work in Miami-Dade County, Florida, for each of the Defendants. Plaintiff's general household work for Defendants was not incidental as it exceeded 20 percent of the total weekly hours worked for Defendants.

7. While employed by Defendants, Plaintiff worked:

    a. From June 1, 2011, through December 9, 2016, an average of **98 (ninety-eight)** hours per week without being compensated at the prevailing minimum wage as

required by the FLSA and the FMWA. In fact, during this period, Defendants paid Plaintiff approximately $5.40 per hour.

8. Plaintiff seeks to recover all wages and/or minimum wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this complaint.

**COUNT I**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY**
**PLAINTIFF AGAINST DEFENDANTS (FLSA)**

9. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-8 above as if set out in full herein.

10. This action is brought by Plaintiff to recover from Defendants unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 206.

11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants are, at all times pertinent to this Complaint, engaged in interstate commerce.

12. Congress in section 2(a) of the FLSA specifically stated that the employment of persons in domestic service in households affects commerce and "… coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act." 29 C.F.R. § 552.99.

13. Plaintiff is a covered "employee" under the FLSA. Defendants are covered "employers" or "joint employers" under the FLSA.

14. At all times material hereto, Defendants, failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff performed services for Defendants, but no provision was made by Defendants to properly pay her mandatory minimum wage rate required by the FLSA.

15. Defendants knew and/or showed a reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the FLSA and remain owing Plaintiff mandatory minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

16. Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to regular and minimum wage payments.

17. Defendants willfully and intentionally refused to pay Plaintiff minimum wages as required by the laws of the United States as set forth above and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

18. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by jury.

**COUNT II**
**WAGE AND HOUR STATE STATUTORY VIOLATION BY**
**PLAINTIFF AGAINST DEFENDANTS (FMWA)**

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This is an action to enforce and obtain relief under Florida's minimum wage provisions, namely Article 10, Section 24 of the Florida Constitution and the Florida Minimum Wage Act set forth in § 448.110, Fla. Stat

21. Plaintiff became an employee of Defendants on June 1, 2011, and her services ended on December 9, 2016

22. Since her date of hire, Plaintiff has rendered services to Defendant as a live-in domestic employee performing general household duties and has fully performed her duties as directed. All the hours worked by Plaintiff were worked within the State of Florida.

23. Pursuant to Article 10, Section 24 of the Florida Constitution and the Florida Minimum Wage Act set forth in § 448.110, Fla. Stat., payment of an hourly wage less than $7.67 in 2012; $7.79 in 2013; $7.39 in 2014; $8.05 in 2015; and $8.05 in 2016 per hour is unlawful.

24. Plaintiff has been paid $5.40 per hour from January 1, 2012, through December 9, 2016, rather than the applicable minimum wage listed in the previous paragraph.

25. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of her unpaid minimum wages is as follows:

a. **Minimum Wages Damages: $108, 190.04 (approximately)**

   i. 2012 (52 Weeks)

      1. Calculation: $5.40 (hourly pay) - $7.67 = $2.27 x 98 hrs. x 52 weeks = $11,567.92

   ii. 2013 (36 Weeks)

      1. Calculations: $5.40 (hourly pay) - $7.79 = $2.39 x 98 hrs. x 36 weeks = $8,431.92

   iii. 2014 (39 Weeks)

      1. $5.40 (hourly pay) - $7.39 = $1.99 x 98 hrs. x 39 weeks = $7,605.78

   iv. 2015 (52 Weeks)

      1. $5.40 (hourly pay) - $8.05 = $2.65 x 98 hrs. x 52 weeks = $13,504.40

   v. 2016 (50 Weeks)

      1. $5.40 - $8.05 = $2.65 x 98 hrs x 50 weeks = $12,985.00

   vi. Liquidated Damages: $54,095.02

b. **TOTAL DAMAGES: $108,190.04** PLUS REASONABLE ATTORNEYS' FEES AND COSTS

26. Despite Plaintiff's demands, Defendants refused and continue to refuse to pay Plaintiff the amount owed Plaintiff.

27. On February 21, 2017, Plaintiff provided Defendants with written notice of intent to initiate an action to enforce the above-cited minimum wage provisions. A copy of this notice is attached to this complaint and marked **Exhibit "A."** This notice identified the minimum wage

to which Plaintiff claims entitlement, the actual/estimated work dates and hours for which payment is sought, and the total amount of unpaid wages through the date of the notice.

28. More than 15 calendar days have passed since Defendants received this notice, and Defendants have neither paid the total amount of unpaid wages nor otherwise resolved the claim to the satisfaction of Plaintiff.

**WHEREFORE**, Plaintiff requests judgment against Defendants for the full $54,095.02 unlawfully withheld plus the same amount of $54,095.02 as liquidated damages. Plaintiff further requests payment of her reasonable attorneys' fees and costs and such other legal or equitable relief as may be appropriate to remedy the violation.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by jury.

Dated: March 20, 2017.

Respectfully submitted,

By:  /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Vanessa Underwood Steelman, Esq.
Fla. Bar No.: 0125587
Email: vsteelman@saenzlawfirm.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549